TOWN OF AYER & another[1] *vs.* IMPERIAL CASUALTY &
INDEMNITY COMPANY.

Middlesex. February 9, 1994. - June 9, 1994.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Insurance,* Law enforcement professional liability insurance, Insurer's obli-
gation to defend, Construction of policy. *Indemnity. Municipal Corpo-
rations,* Police, Liability for tort.

The automobile exclusion provision of a law enforcement professional lia-
bility insurance policy operated to deny coverage to a town for claims
seeking damages for injuries sustained in an automobile accident result-
ing from a high speed pursuit by a town police officer. [72-74]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 15, 1987.

A motion for partial summary judgment was heard by
*Paul A. Chernoff,* J., and motions for summary judgment
were heard by *Richard S. Kelley,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Frank A. Smith, III (Jeffrey J. Clark* with him) for the
defendant.

*Richard L. Neumeier* for the plaintiffs.

*Robert W. Gardner, Jr.,* Town Counsel, for the town of
Ayer, was present but did not argue.

ABRAMS, J. The plaintiffs, the town of Ayer and American
Employers Insurance Company (American), commenced this
action against the defendant, Imperial Casualty & Indem-
nity Company (Imperial), after Imperial refused to indem-
nify and defend Ayer in two lawsuits seeking damages for
injuries sustained in an automobile accident resulting from a

---

[1] American Employers Insurance Company.

high speed pursuit by an Ayer police officer. On American's motion for partial summary judgment, the Superior Court judge ordered Imperial to defend Ayer. After Imperial failed to do so, American and Ayer filed motions for summary judgment seeking reimbursement for fees and costs incurred by American in defending and settling the litigation. The Superior Court judge allowed the plaintiffs' motion and Imperial filed a notice of appeal as to both the partial summary judgment and the summary judgment orders. We granted the parties' application for direct appellate review. We reverse.

1. *The facts.* On March 2, 1985, Ayer police officer Bradley Madge engaged in a high speed pursuit of a motor vehicle operated by Andrew C. Davis. During this pursuit, the automobile driven by Davis collided with a motor vehicle operated by Joseph Crowley, Jr., causing injuries to Crowley, Jared Crowley (Crowley's son), and Christopher Deforge, a passenger in the Davis vehicle. Following the accident, both the Crowleys and Deforge initiated legal actions against Ayer alleging, among other things, that Ayer was negligent in its failure to develop policies and procedures with respect to high speed pursuits and in its failure adequately to train and supervise its police officers.

2. *The duty to defend.* The law enforcement professional liability insurance policy which Imperial issued to Ayer states that Imperial "will pay on behalf of [Ayer] all sums [up to $1,000,000] which [Ayer] shall become legally obliged to pay as damages because of wrongful acts arising out of Law Enforcement activities." The policy further provides that Imperial "shall have the right and duty to defend any claim or suit against [Ayer] seeking damages on account of such wrongful acts, even if the allegations of the claim or suit are groundless, false or fraudulent . . . ." However, exclusion D of this policy specifies that the policy does not apply "[t]o acts or occurrences arising out of the ownership, operation, use, loading or unloading of any land motor vehicle . . . ."

"[I]f the allegations of the [underlying] complaint are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense." *Continental Casualty Co.* v. *Gilbane Bldg. Co.*, 391 Mass. 143, 146 (1984). Imperial points out that the occurrence which is the subject of the underlying claims in this case arose from the use of a "land motor vehicle." Therefore, Imperial contends, the automobile exclusion provision of the law enforcement professional liability insurance policy operates to deny coverage under these facts. We agree that the automobile exclusion provision applies to Ayer's claim for coverage.

Citing *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. 240 (1986), Ayer and American argue that our determination concerning the applicability of the automobile exclusion is not dispositive of this action. In *Marnell, supra* at 244, we held that the applicability of the automobile exclusion provision in a homeowner's policy did not relieve the insurer of its duty to indemnify and defend its insureds against a lawsuit alleging that the insureds' negligent supervision of their minor son in their home resulted in the son operating *his* motor vehicle in an intoxicated state and, thereby, precipitated a fatal automobile accident.

"[T]he favored interpretation of an insurance policy is one which 'best effectuates the main manifested design of the parties.' " *Marnell, supra* at 245, quoting *King* v. *Prudential Ins. Co.*, 359 Mass. 46, 50 (1971), and *Joseph E. Bennett Co.* v. *Fireman's Fund Ins. Co.*, 344 Mass. 99, 103-104 (1962). The purpose behind the automobile exclusion at issue in *Marnell, supra*, was to "prevent[ ] the homeowners' policy from providing additional insurance, without a premium, to an insured when a motor vehicle owned or operated by that person is involved in an accident causing bodily injuries or property damage." *Marnell, supra* at 245. As the Appeals Court noted in *Merrimack Mut. Fire Ins. Co.* v. *Sampson*, 28 Mass. App. Ct. 353, 358 (1990), "[t]he homeowner who owns and operates an automobile ordinarily procures automobile insurance and also determines the amount of that

coverage. The homeowner can reasonably be expected to rely on that coverage for activities related to the ownership and operation of a motor vehicle unless . . . a premium is paid for supplemental automobile insurance under the homeowner's policy. In contrast, when the homeowner is subjected to claims as a social host or negligent supervisor for actions of persons operating vehicles owned by others, the homeowner does not usually control the amount of automobile insurance covering the operator or owner of such vehicles." Therefore, "the owner or operator of a motor vehicle involved in an automobile accident causing bodily injuries or property damage is not entitled to be defended against claims of negligent supervision in the home or against analogous claims, such as social host liability. In contrast, however, the insureds under the homeowners' policy who are *not* the owners or operators of the vehicle involved and against whom such claims are brought do not lose coverage by reason of the automobile exclusion." *Sampson, supra* at 358.

We agree with the Appeals Court's reasoning. The question whether the liability associated with an automobile accident should be covered by a law enforcement professional liability insurance policy is analogous to the question whether such liability should be covered by a homeowner's policy. We must, therefore, apply the same analysis. We conclude that, because Ayer owned the police cruiser involved in the motor vehicle accident, the automobile exclusion provision in the law enforcement policy relieves Imperial of any duty to indemnify and defend Ayer with respect to claims arising from that accident.

The partial summary judgment order issued below requiring Imperial to defend Ayer and the summary judgment order requiring Imperial to contribute to the settlement and the attorney's fees are both vacated and this case is remanded to

the Superior Court for entry of a judgment consistent with this opinion.[2]

*So ordered.*

---

[2] Because we vacate the entry of summary judgment against Imperial on the ground that it had no duty to indemnify or defend Ayer, we need not consider the other issues raised by the parties.