Grasso, J.
This action involves a dispute between two insurance carriers as to policy coverage for their insured. Commercial Union Insurance Company (“Commercial Union”) insured an entity known as Ginsburg Brothers, Inc. (“Ginsburg”) under a business automobile policy. United Truck Leasing Corporation (“United Truck”) was named as an additional insured on Ginsburg’s policy. Reliance Insurance Company (“Reliance”) insured United Truck under a general liability policy of insurance.
The material facts are agreed to by both Reliance and Commercial Union which have filed a motion and cross-motion for Summary Judgment, asking the court to decide the coverage dispute as a matter of law. The undisputed facts are as follows:
On January 25, 1989, an individual named Manuel Perry filed a legal action in Middlesex Superior Court. Perry alleged that on June 16, 1988, he had been struck by a motor vehicle operated by one Raymond Barnes, an employee of Ginsburg, while on premises owned, maintained or controlled by United Truck. The suit named Barnes, Ginsburg and United Truck as defendants.
At the time of the accident, Commercial Union insured Ginsburg under a policy of motor vehicle insurance, under which United Truck was an additional insured. Commercial Union defended United Truck, Ginsburg and Barnes in Perry’s action.
Count III of Perry’s Complaint alleged that United Truck was liable because it was the registered owner of the vehicle which had struck him and because by its agents it had “negligently... caused to be operated the [vehicle] which struck" him. Count IV alleged that United Truck “managed and controlled the premises” where the incident occurred and by its agents and employees “negligently failed to establish and enforce reasonable safety rules and procedures for truck traffic on the premises.”
In a series of letters, Commercial Union informed Reliance of the pendency of the Perry action and asserted that Count IV of Perry’s complaint alleged a claim falling within the coverage of the General Liability Policy issued by Reliance to United Truck. Commercial Union maintained that Reliance was obligated to provide a defense to United Truck with respect to the allegations in Count IV of the Complaint. Reliance declined to defend, believing that its General Liability Policy did not extend to Perry’s claim.
The Reliance policy issued to United Truck contained a provision excluding coverage, for:
bodily injury or property damage arising out of the ownership, maintenance, operation, use, or loading or unloading of:
1. any automobile or aircraft owned or operated by or rented or loaned to any insured or,
2. any other automobile or aircraft operated by any person in the course of his employment by our insured but this exclusion does not apply to the parking of any automobile on premises owned by, rented to or controlled by the named insured or the ways immediately adjoining if such automobile is not owned by or rented or loaned to any insured.
Commercial Union settled the Perry claim for $65,000. It then commenced this action seeking reimbursement from Reliance (and from another insurer) of the sums expended in defending and settling the Perry litigation.
Each side contends that upon the facts and the relevant policy provisions that it is entitled to summary judgement in its favor. Reliance contends that it was not required to defend the Perry action because of the exclusion in its General Liability Policy for liability “arising out of the ownership, maintenance, operation, use, or loading or unloading of’ any motor vehicle. Commercial Union maintains that the motor vehicle exclusion in Reliance’s policy was not applicable to Count IV of the Perry action and that as a result Reliance was obligated to participate in the defense. Commercial Union contends that Count IV contained no allegations arising out of the ownership, maintenance, operation or use of a motor vehicle, but instead alleged that United Truck’s management and control of the premises and its negligence in failing to establish and enforce reasonable safety rules and procedures for vehicular traffic on the premises caused the accident.
For the reasons set forth below, the court allows the motion for summary judgment of Reliance and denies that of Commercial Union.
DISCUSSION
Neither side disputes the proposition that under Massachusetts law “if the allegations of the [underlying] complaint are ‘reasonably susceptible’ of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense.” Continental Casualty Co. v. Gilbane Bldg. Co., 391 Mass. 143, 146, (1984). Commercial Union *228 agrees that Count III of Perry’s complaint fell outside the scope of coverage of Reliance’s general liability policy because it was within the motor vehicle exclusion. The disagreement between Commercial Union and Reliance comes in their respective assessments of Count IV of the Perry Complaint.
Commercial Union maintains that because Count IV asserts a premises liability theory of recovery [negligent management and control of the premises in failing to establish and enforce reasonable safety rules and procedures] Commercial’s business automobile policy does not apply. That policy only affords coverage with respect to claims concerning or arising out of the ownership, operation, maintenance or use of a motor vehicle. Thus, Commercial Union contends Count IV asserts a claim falling within the coverage of Reliance’s General Liability Policy.
Reliance maintains that Count IV falls within the coverage afforded by Commercial Union’s automobile policy and within the exclusion of Reliance’s General Liability Policy. In support of its position Reliance points to Ayer v. Imperial Casualty & Indemnity Co., 418 Mass. 71, (1994). There, the town of Ayer and American Employers Insurance Company sought to compel Imperial Casualty to defend and indemnify the Town against a claim arising out of a motor vehicle accident occurring during a high speed police pursuit. The claim against the town included “among other things, that Ayer was negligent in its failure to develop policies and procedures with respect to high speed pursuits and in its failure to adequately train and supervise its police officers.” Id. at 72.
Imperial had issued a law enforcement professional liability insurance policy to Ayer. However, the policy specifically excluded all “acts or occurrences arising out of the ownership, operation, use, loading, or unloading of any land motor vehicle.” Plaintiffs contended that Imperial was obligated to provide coverage because these nonvehicle related claims did not fall within the exclusion language. Imperial argued that the subject matter of the underling claims clearly arose from the use of a land motor vehicle and therefore, “the exclusion . . . provision . . . operates to deny coverage . . .” Id. at 73. The Court agreed with Imperial, ruling that “the automobile exclusion provision in the . . . policy relieves Imperial of any duty to indemnify and defend Ayer with respect to claims arising from that accident.” Id. at 74.
This court is of the view that Ayer governs the disposition of this case. Nothing in Liquor Liability Joint Underwriting Association of Massachusetts v. Hermitage Ins. Co, 419 Mass. 316 (1995), is to the contrary. There the mutual insured of both parties was Lamplighter, Inc., a business licensed to serve alcoholic beverages. A patron who had been assaulted claimed that the assault was caused by Lamplighter’s negligence in serving alcoholic beverages to another patron and in failing to provide adequate security. At the time of the assault, Lamplighter had insurance policies with JUA and Hermitage.
JUA’s policy was limited to coverage for negligence in the distribution, sale, or serving of alcoholic beverages, as part of its statutory mandate to provide liquor legal liability insurance to sellers and distributors of alcohol who were previously unable to obtain liability insurance in the private market. Hermitage’s commercial general liability policy contained language to the effect that an assault and battery was not to be deemed an accident covered under the policy.
JUA sued Hermitage to recover defense costs and the amount of settlement. Hermitage had refused to defend. The Court concluded that Hermitage violated its obligation to defend Lamplighter on the claim alleging negligent failure to provide security. The basis of this holding was the view that Hermitage’s endorsement failed to state a comprehensive exclusion with adequate clarity.
This case is more like Ayer than Hermitage. Commercial Union’s policy governs Count IV. To hold otherwise, as suggested by Commercial Union, would blink the fact that Count IV’s premises liability theory relates to the failure to devise reasonable safety rules and regulations for the operation of motor vehicles on the premises.
The denomination of Count IV as a premises liability claim is not controlling. “The process is not one of looking at the legal theory enunciated by the pleader but of envisaging what kinds of losses may be proved as lying within the range of the allegations . . . and then seeing whether any such loss fits the expectation of protective insurance reasonably generated by the terms of the policy.” Boston Symphony Orchestra Inc. v. Commercial Union Insurance Co., 406 Mass. 7, 12-13, (1989). Here, the kind of loss which may be proved as lying within the range of allegations of Perry’s complaint is a personal injury due to being struck by a motor vehicle. This is precisely the type of loss for which motor vehicle insurance is obtained. Conversely, a loss due to being struck by a motor vehicle upon the premises is not the type of loss fitting the expectation of a general liability policy.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment is DENIED, and defendant’s cross-motion for summary judgment is ALLOWED.