190                           56 Mass. App. Ct. 190 (2002)

The Society for Christian Activities, Inc. *v.* Markel Insurance Company.

THE SOCIETY FOR CHRISTIAN ACTIVITIES, INC., & another[1] *vs.*
MARKEL INSURANCE COMPANY.

No. 99-P-1439.

Suffolk. February 4, 2002. - October 3, 2002.

Present: DUFFLY, DREBEN, & TRAINOR, JJ.

Further appellate review granted, 438 Mass. 1109 (2003).

*Insurance,* General liability insurance, Insurer's obligation to defend,
   Construction of policy.

In an action by the operator of a day camp (insured) against its commercial
   general liability insurer seeking to recover a settlement amount paid by the
   insured that exceeded the limit of its Massachusetts commercial automobile
   policy, the general liability insurer was not obligated to defend or indemnify
   an employee of the camp on claims arising from an automobile accident,
   where the policy clearly and unambiguously excluded coverage for claims
   for " 'bodily injury' . . . arising out of the ownership, maintenance, use or
   entrustment to others of any . . . 'auto' . . . owned or operated by . . .
   any insured," and where the claims against the employee involved actions
   falling within the scope of the employee's employment for which the
   insured was vicariously liable. [191-194]

CIVIL ACTION commenced in the Superior Court Department on
August 20, 1997.

The case was heard by *Maria I. Lopez,* J., on motions for
summary judgment.

*Ethan Warren* for the defendant.

*Karen M. Thursby* for The Society for Christian Activities,
Inc.

DUFFLY, J. Markel Insurance Company (Markel) is the com-
mercial general liability insurer for The Society of Christian
Activities, a nonprofit corporation doing business as Camp
Good News (the Society). We address the scope of Markel's
obligation to defend an employee of the Society, Faith Willard,
under a general liability policy containing an automobile

---

[1]Faith Willard.

56 Mass. App. Ct. 190 (2002)                    191

The Society for Christian Activities, Inc. *v.* Markel Insurance Company.

exclusion.[2] The plaintiffs instituted this declaratory judgment action to recover a settlement amount paid by the Society that exceeded the limit of the Massachusetts commercial automobile policy provided by Arbella Mutual Insurance Company (Arbella), as well as to recover attorney's fees and costs incurred on behalf of Willard.[3] A Superior Court judge concluded that the severability of interests clause in the Markel policy entitled Willard "to coverage on claims of negligent supervision and negligent failure to follow camp rules and policies." On appeal, Markel asserts that the judgment in favor of Willard was error because the policy clearly and unambiguously excludes coverage for claims for " 'bodily injury' . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by . . . any insured." We agree.[4]

The Society is the named insured on the Markel commercial general liability policy, whereas Willard is an insured under the policy in her capacity as an employee of the camp; she is also an insured as executive officer and director of the corporation.[5] The commercial general liability policy contains a severability of interests clause which states in pertinent part that "this insurance applies . . . [s]eparately to each insured against whom

---

[2]The Society has not appealed the entry of summary judgment declaring that, due to the motor vehicle exclusion, Markel had no duty to defend or indemnify the Society.

[3]The underlying claims arose from a one-car roll-over accident in which a fifteen year old camper, Stephen Horne, was seriously injured. The car, owned by the Society, was operated by a camp counsellor, Mark Inchley. The settlement required the release of all claims against the plaintiffs and paid $635,000 to the injured camper. Arbella paid its policy limits, $500,000, and the Society paid the remaining $135,000. Arbella is not a party to this action.

[4]Because we agree with Markel that the policy excludes coverage for the underlying claims, we need not reach its other claims.

[5]The Markel policy states in pertinent part:

"SECTION II - WHO IS AN INSURED

"1. If you are designated in the Declarations as:

". . .

"c. An organization other than a partnership or joint venture, you are an insured. Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. . . .

"2. Each of the following is also an insured:

claim is made or 'suit' is brought." Willard, relying on *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. 240 (1986), argues that this clause provides coverage for the negligent supervision claims against her.[6]

In *Marnell*, the parents of Michael Marnell, who owned and insured his own automobile, were sued for negligent supervision of a party held in their home. Michael, who was emancipated[7] but then under the legal age for drinking alcohol, left the party in his car while intoxicated and was involved in a fatal accident. A provision in the parents' homeowner's insurance policy excluded coverage for bodily injury arising out of the insured's ownership or use of a motor vehicle. The court concluded that the parents, who neither owned nor operated the motor vehicle, were "not preclude[d] . . . from obtaining coverage in connection with the . . . tort action." *Id.* at 244-245.[8]

Willard argues that because she did not own or operate the

---

"a. Your 'employees', other than your 'executive officers', but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business."

[6]No complaint was ever filed. During settlement negotiations, the injured camper's counsel forwarded a copy of a proposed complaint to counsel for the camp. The proposed complaint was forwarded to Markel. This complaint alleges, inter alia:

"16. The defendant, Faith Willard, was negligent and careless in that:

"a. she selected the defendant, Mark Inchley, to operate a motor vehicle when she knew or should have known that Mark Inchley was not licensed to drive;

"b. she scheduled meetings for the camp's agents, servants and/or employees when she knew or should have known that said agents, servants and/or employees would be arising early in the morning to prepare for the trip to Maine;

"c. she failed to supervise the camp's agents, servants and/or employees to ensure that they slept a sufficient number of hours before transporting participants at the summer camp on an excursion to Maine."

[7]*Alioto* v. *Marnell*, 402 Mass. 36, 39 (1988).

[8]The court noted that under its construction of the policy "the motor vehicle exclusion prevents the homeowners' policy from providing additional insur-

automobile, the severability of interests clause in the Markel policy provides coverage for negligent supervision claims against her. Although we proceed on the assumption that the claims are against Willard in her capacity as an employee of the camp, we note that she is also an executive officer and a director of the Society.

The claims against Willard involve actions falling within the scope of Willard's employment for which the Society is vicariously liable. *Wang Labs., Inc.* v. *Business Incentives, Inc.*, 398 Mass. 854, 859 (1986). The Society purchased (from Arbella) a Massachusetts commercial automobile insurance policy that insured Willard for the alleged negligent acts.[9] We think that when the real party in interest, here the Society (which, as we have noted, paid $135,000 toward the settlement that resolved the claims against it and Willard), seeks coverage or payment, directly or through what amounts to subrogation, under its general liability policy for the consequences of an injury caused by a motor vehicle it owns, the principles of *Marnell* are inapplicable and the vehicle owner "is not entitled to be defended against[, or reimbursed for payments made to resolve,] claims of negligent supervision . . . or against analogous claims." *Merrimack Mut. Fire Ins. Co.* v. *Sampson*, 28 Mass. App. Ct. 353,

---

ance, without a premium, to an insured when a motor vehicle owned or operated by that person is involved in an accident causing bodily injuries or property damage. At the same time, the purpose of the severability clause is served because coverage [under the homeowners' policy] is extended to insureds who neither owned nor operated the motor vehicle involved in the accident." *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. at 245.

[9]The policy provides in pertinent part:

"1. WHO IS AN INSURED

"The following are 'insureds':

"a. You for any covered 'auto'.

"b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow.

". . .

"c. Anyone liable for the conduct of an 'insured' described above but only to the extent of that liability."

358 (1990). Accord *Ayer* v. *Imperial Cas. & Indem. Co.*, 418 Mass. 71, 74 (1994).

The judgment is vacated and a new judgment is to enter declaring that Markel Insurance Company is not obligated to defend or indemnify Willard in connection with the underlying claims against her.

*So ordered.*