THE SOCIETY FOR CHRISTIAN ACTIVITIES, INC.,[1] & another[2] *vs.* MARKEL INSUR-
ANCE COMPANY. September 11, 2003. *Insurance,* General liability insurance,
Motor vehicle exclusion, Insurer's obligation to defend, Construction of
policy.

The Society for Christian Activities, Inc., doing business as Camp Good
News (Camp), and Faith Willard, the Camp's president and director, com-
menced a declaratory judgment action against Markel Insurance Company
(Markel), the Camp's general liability insurer, to recover a settlement amount
paid by the Camp that exceeded the limit of the Camp's automobile insurance
policy, and to recover attorney's fees and costs allegedly incurred on behalf of
Willard.[3] A judge in the Superior Court, relying on *Worcester Mut. Ins. Co.* v.
*Marnell,* 398 Mass. 240 (1986), allowed Willard's motion for summary judg-
ment and ruled that, notwithstanding the automobile exclusion in the general
liability policy, Markel was obligated to defend Willard because of a "sever-
ability of interests" clause. The Appeals Court held that the principles of *Mar-
nell* were inapplicable and vacated summary judgment for Willard. *Society for
Christian Activities, Inc.* v. *Markel Ins. Co.,* 56 Mass. App. Ct. 190, 193
(2002). We granted Willard's application for further appellate review. We
agree with the reasoning and result of the Appeals Court.

In *Worcester Mut. Ins. Co.* v. *Marnell, supra,* we held that the automobile
exclusion in a homeowners' policy, read in light of the "severability of insur-
ance" clause, did not relieve the insurance company of the duty to defend
parents sued for negligent supervision of a party where their son became
intoxicated, left in his own car, and caused a fatal accident. *Id.* at 244-245.
Construing the automobile exclusion to apply only to insureds claiming cover-
age under the homeowners' policy who own or operate the vehicle involved in
the accident, we concluded that, because the son owned and operated the car,
the automobile exclusion did not apply to the parents. *Id.*

The case at bar is distinguishable. Unlike the parents in the *Marnell* case,
the Camp owned the vehicle that was involved in the accident. The automobile
exclusion thus applies. Compare *Ayer* v. *Imperial Cas. & Indem. Co.,* 418
Mass. 71, 74 (1994) (insured owned vehicle); *Phoenix Ins. Co.* v. *Churchwell,*
57 Mass. App. Ct. 612, 616 (2003) (same); *Merrimack Mut. Fire Ins. Co.* v.
*Sampson,* 28 Mass. App. Ct. 353, 358 (1990) (same), with *Shamban* v.
*Worcester Ins. Co.,* 47 Mass. App. Ct. 10, 15 (1999) (insureds did not own
vehicle). Moreover, unlike the parents in *Marnell,* Willard is not the real party
in interest. The Camp is the real party in interest. It was the Camp that
contributed $135,000 toward the total settlement amount on behalf of both
itself and Willard.[4] Willard has not shown that she contributed any amount to
the settlement, nor that she incurred any legal fees or costs. Considering that
the Camp is the real party in interest, the claim that Willard is personally
entitled to recover from Markel amounts to nothing more than a thinly veiled

[1] Doing business as Camp Good News.

[2] Faith Willard.

[3] For the facts regarding the automobile accident underlying the case, and the relevant
details of the Camp's general liability and automobile insurance policies, see *Society for
Christian Activities, Inc.* v. *Markel Ins. Co.,* 56 Mass. App. Ct. 190, 191-193 (2002).

[4] The remaining $500,000 of the settlement was paid by the Camp's automobile insur-
ance policy, a policy that covered both the Camp and Willard. See *Society for Christian
Activities, Inc.* v. *Markel Ins. Co., supra* at 191 & n.3, 193.

attempt to circumvent the automobile exclusion. Were we to conclude that the exclusion did not apply, we would in effect allow the general liability policy to provide additional insurance without a premium. See *Worcester Mut. Ins. Co.* v. *Marnell, supra* at 245. We decline to do so. Our conclusion "supports the proper allocation of risks between an insured's [general liability] policy and automobile insurance." *Phoenix Ins. Co.* v. *Churchwell, supra* at 616.

The judgment is vacated and the case is remanded to the Superior Court, where a judgment is to be entered declaring that Markel is not required to defend or indemnify Willard on the underlying claims against her.

*So ordered.*

*Karen M. Thursby* for Faith Willard.
*Ethan Warren* for the defendant.


