WORCESTER MUTUAL INSURANCE COMPANY vs. RICHARD J.
MARNELL & others.[1]

Norfolk. April 8, 1986. — August 13, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Insurance,* Homeowners' insurance, Insurer's obligation to defend, Construction of policy.

The "motor vehicle exclusion" in a policy of homeowners' insurance, which stated that the liability coverages did not apply to bodily injury or property damage "arising out of the ownership, maintenance, use, loading, or unloading of . . . a motor vehicle owned or operated by . . . any insured," when considered together with a severability clause providing, in relevant part, that the policy coverage "applies separately to each insured," did not operate to exclude coverage of a claim against the named insureds, alleging that, as the result of their negligent supervision of a party held at their home, their son, who was then under the minimum age for lawful consumption of alcoholic beverages, became intoxicated, left the party, and caused the death of another person while negligently operating a motor vehicle owned by him. [242-246]

CIVIL ACTION commenced in the Superior Court Department on September 29, 1983.

The case was heard by *George N. Hurd, Jr.,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*John D. Boyle* for the plaintiff.

*Michael E. Mone (Patricia L. Kelly & James J. O'Malley, III,* with him) for William J. Alioto.

*William G. Burke* for Richard J. Marnell & another.

O'CONNOR, J. Worcester Mutual Insurance Company (Worcester Mutual) appeals from a judgment in the Superior Court declaring that it has a duty to defend and indemnify Richard

---

[1] Ellen M. Marnell, Michael J. Marnell, and William J. Alioto, administrator of the estate of Robert J. Alioto.

and Ellen Marnell, named insureds in a homeowners' insurance policy issued by the company, in a pending wrongful death action.[2] We granted the application of the defendant William J. Alioto, administrator of the estate of Robert J. Alioto, for direct appellate review. We affirm that portion of the judgment declaring that Worcester Mutual has a duty to defend the Marnells in the underlying action.

The defendant Alioto is the plaintiff in the underlying tort action. In that action, he alleges that the Marnells' negligent supervision of a party held in their home was the proximate cause of an automobile accident that killed the plaintiff's intestate. Alioto alleges that on the night of the fatal accident, the Marnells permitted their son Michael to have a party at their residence while they were there, and that the Marnells knew or should have known that Michael, who was under the age then required by statute for legal consumption of alcoholic beverages, and his guests intended to consume and did consume alcoholic beverages at the party. The complaint further alleges that the Marnells knew or should have known that during the course of the evening their son would leave the party in his automobile to return guests to their homes. The complaint alleges that Michael became intoxicated at the party, that he left the party in an intoxicated condition, and that, while operating his motor vehicle in a negligent manner, he struck and killed the intestate. According to the complaint, the Marnells' negligent failure to provide proper supervision of the party and their negligent failure to prevent their son from consuming alcoholic beverages during the party were a proximate cause of the intestate's death.

After being served with the complaint and summons, Richard and Ellen Marnell forwarded those documents to Worcester Mutual. Worcester Mutual advised the Marnells that it would undertake the defense of that action, but only under a reserva-

---

[2] William J. Alioto, administrator of the estate of Robert J. Alioto *vs.* Michael J. Marnell, Richard J. Marnell, and Ellen M. Marnell, Superior Court, Norfolk County, No. 138800 (1983). By stipulation, the action against Michael J. Marnell was dismissed with prejudice on April 5, 1983.

tion of rights, because it appeared to the company that coverage was not available under the terms of the Marnells' homeowners' insurance policy. This declaratory judgment action followed.

The judge rightly concluded that Richard Marnell and Ellen Marnell are named insureds, and Michael Marnell is an unnamed insured under the policy. He found that Michael Marnell "owned" and "operated" the motor vehicle involved in the fatal accident. These matters are not disputed by the parties. Several provisions in the Marnells' policy are relevant to the present action. One such provision, entitled "Liability Coverages," states: "If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will: a. pay up to our limit of liability for the damages for which the insured is legally liable; and b. provide a defense at our expense by counsel of our choice . . . ." Another provision, relied on by Worcester Mutual to deny coverage and which we refer to as the motor vehicle exclusion, provides that "[liability coverages] do not apply to bodily injury or property damage: . . . e. arising out of the ownership, maintenance, use, loading or unloading of: . . . (2) a motor vehicle owned or operated by or rented or loaned to any insured . . . ." The final provision of importance to this case is entitled "Severability of Insurance." This clause states, "This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence." The resolution of this case depends on an interpretation of the motor vehicle exclusion in light of the severability of insurance clause.

Worcester Mutual argues that the existence of the severability of insurance clause does not affect the applicability of the motor vehicle exclusion. This is so, according to the company, because, by its terms, the motor vehicle exclusion becomes operative when the bodily injuries for which coverage is sought arose out of the "use . . . of . . . a motor vehicle owned or operated by . . . *any* insured" (emphasis supplied). Worcester Mutual contends that, because the complaint in the underlying action alleges that Michael Marnell, an insured under the policy, owned and operated the motor vehicle that struck the

intestate, the motor vehicle exclusion precludes every insured under the policy from obtaining coverage with respect to bodily injuries arising out of that accident. To hold that coverage is available to Richard and Ellen Marnell in this case, the insurer argues, would defeat the clear underwriting objective to place automobile accidents beyond the coverage afforded by a home-owners' insurance policy.

In addition, Worcester Mutual maintains that the applicability of the motor vehicle exclusion does not depend on the theory of recovery advanced by the plaintiff in the underlying action. The fact that Alioto bases his claim against the Marnells on a theory of negligent supervision is of no consequence, according to the company, because the motor vehicle exclusion looks only to the manner in which the injuries occurred. As a backup argument, the company says that, even if the theory of recovery advanced by Alioto is deemed to be important, the negligent supervision theory of recovery is enough like the negligent entrustment theory addressed in *Barnstable County Mut. Fire Ins. Co.* v. *Lally,* 374 Mass. 602 (1978), that the present case is controlled by that one. In that case, we reasoned that, because a cause of action for negligent entrustment is derived from concepts of ownership, operation, and use of a motor vehicle, an exclusionary clause in a homeowner's policy relating generally to the ownership, operation, or use of a recreational motor vehicle precluded coverage in a case alleging negligent entrustment of such a vehicle. *Id.* at 606. Worcester Mutual maintains that, like negligent entrustment, recovery for negligent supervision is derived from general concepts of ownership and use of a motor vehicle. Thus, the motor vehicle exclusion applies.

Alioto argues in response to Worcester Mutual's contentions that the plain language of the severability of insurance clause renders the motor vehicle exclusion inapplicable to Richard and Ellen Marnell's claim for coverage in this case. Alioto contends that the severability of insurance clause requires that each insured be treated as having a separate insurance policy. Consequently, according to Alioto, the term "insured" as used in the motor vehicle exclusion refers only to the person claiming

coverage. Thus, because neither Richard nor Ellen Marnell owned or operated the motor vehicle involved in the fatal accident, the motor vehicle exclusion does not apply to preclude their claims for coverage under the homeowners' policy.

Furthermore, the defendants in this action maintain that the interpretation of the policy advocated by Worcester Mutual is contrary to a central purpose of homeowners' insurance to provide coverage for negligent acts or omissions occurring in the home. The defendants argue that negligent supervision of the type alleged in the underlying tort case here is not dependent on the ownership or use of a motor vehicle as Worcester Mutual suggests. Rather, that cause of action involves a separate act of negligence. The defendants argue that the Marnells' homeowners' insurance policy was designed to afford protection against such a claim.

We agree that without the severability provision a literal reading of the motor vehicle exclusion by itself precludes the Marnells from coverage under the policy because Michael Marnell, an insured, owned and operated the motor vehicle involved in the fatal accident. But the severability of insurance clause makes coverage available to Richard and Ellen Marnell nonetheless. In *Desrosiers* v. *Royal Ins. Co.*, 393 Mass. 37, 40 (1984), we recognized the "considerable force" of an interpretation of a severability of insurance clause much like the one advanced by Alioto in the present case. While we declined to adopt such an interpretation in that case, our decision was required by specific language contained in the subject policy, which was a policy of compulsory motor vehicle liability insurance.

In this case, the severability of insurance clause provides in relevant part that the insurance provided by the policy "applies separately to each insured." Alioto correctly states that this clause requires that each insured be treated as having a separate insurance policy. Thus, the term "insured" as used in the motor vehicle exclusion refers only to the person claiming coverage under the policy. Since it is undisputed that neither Richard nor Ellen Marnell owned or operated the motor vehicle that struck the intestate, the provision excluding coverage for bodily

injury arising out of the insured's ownership or use of a motor vehicle does not preclude Richard and Ellen Marnell from obtaining coverage in connection with the Alioto tort action.

We note that "[a]n interpretation which gives a reasonable meaning to all of the provisions of a contract is to be preferred to one which leaves a part useless or inexplicable." *Sherman* v. *Employers' Liab. Assurance Corp.*, 343 Mass. 354, 357 (1961). While our interpretation of the policy makes the word "any" in the motor vehicle exclusion superfluous, the construction urged by Worcester Mutual would render the entire severability of insurance clause meaningless. See *Desrosiers* v. *Royal Ins. Co.*, *supra* at 40. Moreover, the interpretation we adopt gives reasonable meaning to both the motor vehicle exclusion and the severability of insurance clause. Under our construction of the policy, the motor vehicle exclusion prevents the home-owners' policy from providing additional insurance, without a premium, to an insured when a motor vehicle owned or operated by that person is involved in an accident causing bodily injuries or property damage. At the same time, the purpose of the severability of insurance clause is served because coverage is extended to insureds who neither owned nor operated the motor vehicle involved in the accident.

Finally, our decision is in keeping with the long-standing rule of construction that the favored interpretation of an insurance policy is one which "best effectuates the main manifested design of the parties." *King* v. *Prudential Ins. Co.* 359 Mass. 46, 50 (1971), quoting *Joseph E. Bennett Co.* v. *Fireman's Fund Ins. Co.*, 344 Mass. 99, 103-104 (1962). Clearly, the manifest design of homeowners' insurance is to protect homeowners from risks associated with the home and activities related to the home. Contrary to the position taken by Worcester Mutual, negligent supervision, unlike negligent entrustment, is a theory of recovery that is separate and distinct from the use or operation of an automobile. Thus, the negligent supervision theory advanced by Alioto and the cause of action pertaining to the negligent failure of the Marnells to prevent their son from drinking relate only to activities that are alleged to have taken place within the Marnells' home. Therefore, the

Marnells could reasonably expect to be protected by their home-owners' policy in an action based on those activities.

In conclusion, we affirm that part of the judgment declaring that Worcester Mutual is obligated to defend the Marnells in the Alioto tort action. We vacate that portion of the judgment dealing with the indemnification of the Marnells in the event of recovery by Alioto, because that portion of the declaration is premature until such time as the Alioto action is concluded.

*So ordered.*