Hely, J.
The DaCostas are insureds under a homeowners policy issued by Vermont Mutual Insurance Co. Richard Medeiros has filed a suit against the DaCostas claiming that his son, Brandon, was injured as the result of the negligence of Domingos and Michael DaCosta. Medeiros alleged that Michael DaCosta’s negligent operation of an all-terrain vehicle and Domingos DaCosta’s negligence in allowing and supervising its operation caused the injuries.
In the action brought by the DaCostas against Vermont Mutual, the DaCostas seek a declaratory judgment declaring that Vermont Mutual has a duty to defend them in the Medeiros action and to indemnify them under the liability coverage of their homeowner’s policy. The DaCostas also allege that Vermont Mutual’s denial of coverage amounts to a breach of contract. The DaCostas have moved for summary judgment. Vermont Mutual, in turn, seeks summary judgment in its favor. The facts necessary for resolution of the coverage question are undisputed. As explained below, the exception to the motor vehicle exclusion relied on by the DaCostas is not ambiguous. There is no coverage because the vehicle was not on an insured location at the time of the accident.
Under the Section II — Liability Coverages, Vermont Mutual has a duty to defend and to indemnify the DaCostas unless one of the Section II — Exclusions applies. This coverage dispute turns on Section II— Exclusion le(1) regarding motor vehicles and motorized land conveyances and exception (2)(b) to that exclusion. Exclusion le(1) states that the relevant coverages do not apply to bodily injury arising out of the ownership or use of motor vehicles or other motorized land conveyances owned or operated by an insured.
Vermont Mutual contends that this exclusion bars coverage for the Medeiros accident claim. The DaCostas contend that this vehicle exclusion does not apply because of the following exception to the vehicle exclusion:
This exclusion does not apply to:... (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and: . . . (b) owned by an insured and on an insured location.
Generally speaking, the vehicle exclusion excludes from the homeowners policy injuries arising out of the use of motor vehicles and other motorized land conveyances owned or operated by insureds. Such accidents are an entirely separate category of risk, and a large one. The homeowners policy makes it clear that such risks are for the most part excluded. See Worcester Mutual Ins. Co. v. Marnell, 398 Mass. 240, 245 (1986).
The exception relied on by the DaCostas would help them only if the recreational vehicle involved in the accident was “owned by an insured and on an insured location.” There is no dispute that the conveyance in question was owned by the DaCostas. It is also undisputed that the accident occurred on Reservation Road, Acushnet and not on the insured premises, 32 Fairway Drive, Acushnet. The accident involving the DaCostas’ all-terrain vehicle thus did not occur on an insured location, and it was not subject to the exclusion exception for recreational conveyances “owned by an insured and on an insured location.”
Exception (2)(b) to the vehicle exclusion is not ambiguous. The DaCostas try to inject ambiguity into the exception by claiming that the exception only requires that the vehicle be owned by an insured and “kept on” or “stored on” an insured location. The policy terms include no such language or implication. It is not for the court to engraft such language onto the exception.
The DaCostas’ claim ignores the context of exception (2) as an exception to Exclusion le(l), the vehicle exclusion. The exclusion relates to bodily injury or property damage “arising out of’ the use or ownership of a motor vehicle or conveyance. What is important is the accident and whether the injury arose out of vehicle use in the accident. If the vehicle involved in the injury was owned by an insured at the time of the injury, the first half of exception 2(b) is satisfied. It obviously would make no difference if the vehicle had previously been owned by an insured. What matters for this exception is whether the insured owned it at the time of the injury.
This relationship to the injury as the crucial event is equally applicable to the second half of exception 2(b). Nothing in the policy suggests that the straight *580 forward phrase “on an insured location” refers to any time other than the time of the accident. See Prudential Property & Casualty Ins. Co. v. Allaire, 25 Mass.App.Ct. 159, 162 (1987). A reasonable person considering the language of the vehicle exclusion and exception 2(b) would readily understand that “owned by an insured and on an insured location” refers to the vehicle’s ownership and location at the time of the injury.
The DaCostas have cited Florida and Minnesota decisions and a decision of a respected Massachusetts Superior Court justice. The decisions do not persuade the court that a reasonable reading of the exclusion and exception leads to ambiguity.[1]
Finally, the Medeiros suit also alleges a negligent entrustment claim against Domingos DaCosta, alleging that he “negligently supervised and permitted” his minor child to operate the all-terrain vehicle. Coverage for the negligent entrustment claim is barred by Section II, Exclusion le(2). This exclusion excludes coverage for injury arising out of “the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any other person.” Domingos DaCosta was the owner of the all-terrain vehicle, and this exclusion applies to him. Merrimack Mutual Fire Ins. Co. v. Sampson, 28 Mass.App.Ct. 353, 357-58 (1990), interpreting Worcester Mutual Ins. Co. v. Marnell, 398 Mass. 240 (1986). As with the vehicle exclusion, exception (2)(b) does not apply to the entrustment exclusion because the vehicle was not on an insured location at the time of the accident.
ORDER
Summary judgment will enter dismissing the DaCostas’ breach of contract count against Vermont Mutual.
A declaratory judgment will also enter declaring that Vermont Mutual Insurance Co. has no duty to defend the plaintiffs in the Medeiros action and that the claims against the DaCostas in that action are not covered by the homeowners policy issued to them by Vermont Mutual Insurance Co.

 The decisions from other states cited by the insurer do not directly confront the issue raised by the insured in this case.