O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 57} I concur with the majority in its resolution of the first certified question.
{¶ 58} However, unlike the majority, I would hold that the intentional-act exclusions in both the homeowner’s and the umbrella policies are applicable to all the injuries suffered in this case, and thus, I would reach the second certified *577 question regarding whether the severability clauses contained in those policies render the exclusions ambiguous.
Exclusion of Coverage
{¶ 59} The second issue presented is whether a policy’s exclusion of coverage for intentional acts of an insured is ambiguous because of a severability clause that provides that the policy applies separately to each insured. Before considering the severability clauses in the Safeco policies, it is necessary to examine the policies’ exclusions.
{¶ 60} In this case, the homeowner’s policy excludes coverage for an injury that “is expected or intended by an insured” or that “aris[es] out of any illegal act committed by or at the direction of an insured.” (Emphasis added.) The umbrella policy expressly excludes coverage for “[a]ny injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any insured,” as well as for “[a]ny act or damage which is expected or intended by any insured.” (Emphasis added.)
{¶ 61} Commentators and courts have recognized that whether such exclusions of coverage apply depends on whether the exclusion refers to “the insured,” “an insured,” or “any insured.” As explained in 2 Windt, Insurance Claims and Disputes (5th Ed.2007), 159-160, Section 11:8, “[m]ost exclusions are written to apply to actions taken by ‘the’ insured. In that event, the exclusion would be inapplicable as to any insured that did not engage in the proscribed actions.” See also Tri-S Corp. v. W. World Ins. Co. (2006), 110 Hawaii 473, 492, 135 P.3d 82; N. Sec. Ins. Co. v. Perron (2001), 172 Vt. 204, 219-222, 777 A.2d 151; Morgan v. Cincinnati Ins. Co. (1981), 411 Mich. 267, 307 N.W.2d 53.
{¶ 62} The phrase “any insured,” however, makes the exclusion applicable to all insureds whenever any one of them has committed the prohibited act. As the Supreme Court of Colorado stated in Chacon v. Am. Family Mut. Ins. Co. (Colo.1990), 788 P.2d 748, “ ‘the phrase “any insured” unambiguously expresses a contractual intent to create joint obligations and to prohibit recovery by an innocent co-insured.’ ” Id. at 751, quoting Sales v. State Farm Fire & Cas. Co. (C.A.11, 1988), 849 F.2d 1383, 1385. See also 2 Windt, Insurance Claims and Disputes 155-160, Section 11:8.
{¶ 63} Courts are divided on the question whether the phrase “an insured,” which appears in the homeowner’s policy in this case, means “the” insured or “any” insured. Some courts have concluded that the phrase “an insured” is ambiguous and should be construed against the insurer because it could mean either “the insured” or “any insured.” See, e.g., Michigan Millers Mut. Ins. Corp. v. Benfield (C.A.11, 1998), 140 F.3d 915, 926 (Florida law); McFarland v. Utica Fire Ins. Co. (S.D.Miss.1992), 814 F.Supp. 518, 525-526 (Mississippi law).
*578 {¶ 64} A majority of courts, however, hold that the phrase “an insured” should be interpreted as “any insured.” As the Supreme Court of Michigan explained in Allstate Ins. Co. v. Freeman (1989), 432 Mich. 656, 443 N.W.2d 734, “ ‘ “[a]” or “an” is an indefinite article often used in the sense of “any” and applied to more than one individual object; whereas “the” is an article which particularizes the subject spoken of.’ ” Id. at 698, 443 N.W.2d 734, quoting Allstate Ins. Co. v. Foster (D.Nev.1988), 693 F.Supp. 886, 889. Thus, the court in Freeman stated that “if we place the word ‘a’ or ‘an’ in front of the word ‘insured,’ then we must conclude that ‘an insured’ unambiguously means ‘any insured.’ ” Id. at 699, 443 N.W.2d 734; see also Utah Farm Bur. Ins. Co. v. Crook (Utah 1999), 980 P.2d 685, 688; Vance v. Pekin Ins. Co. (Iowa 1990), 457 N.W.2d 589, 593; Woodhouse v. Fanners Union Mut. Ins. Co. (1990), 241 Mont. 69, 72, 785 P.2d 192; Fanners Ins. Co. v. Hembree (1989), 54 Wash.App. 195, 203-204, 773 P.2d 105; Foster, 693 F.Supp. at 889; Bryant v. Allstate Ins. Co. (E.D.Ky.1984), 592 F.Supp. 39, 41; Travelers Ins. Co. v. Blanchard (La.App.1983), 431 So.2d 913, 914-915.
{¶ 65} The majority view is consistent with our prior cases interpreting indefinite articles such as “an,” and thus I would adopt it. The word “an” is a variant of the word “a,” and as the court stated in Judy v. Bur. of Motor Vehicles, 100 Ohio St.3d 122, 2003-Ohio-5277, 797 N.E.2d 45, “the word ‘a’ is an indefinite article used to denote a [noun] that is ‘undetermined, unidentified, or unspecified.’ ” Id. at ¶ 19, quoting Webster’s Third New International Dictionary (1986) 1; see also id. at 75 (cross-referencing “an” with “a”). Therefore, a liability insurance policy that excludes coverage for the intentional acts of “an insured” excludes coverage for the intentional acts of any insured.
(¶ 66} In this case, the homeowner’s policy issued by Safeco excludes coverage for injuries caused by the intentional or illegal acts of “an insured,” while the umbrella policy excludes coverage for injuries caused by the intentional or illegal acts of “any insured.” Both exclusions apply in this case because Benjamin is an insured under the policies and because he intentionally caused the injuries for which his parents sought coverage. I disagree with the majority’s view that the injuries caused by the negligence of Lance and Diane White are distinct from the injuries caused by Benjamin’s intentional acts. Accordingly, although these policies would otherwise provide coverage to Lance and Diane for their negligence, coverage is barred by the intentional-act-by-any-insured exclusion.
Severability
{¶ 67} The foregoing discussion does not end the analysis of the second issue in this case, however, because it is further necessary to consider whether these exclusions are ambiguous when viewed in the context of the severability clause contained in both policies, which states, “This insurance applies separately to each insured.”
*579 {¶ 68} This issue appears to present a matter of first impression for this court. “A severability clause provides that each insured will be treated independently under the policy.” 2 Windt, Insurance Claims and Disputes 161-163, Section 11:8. And as the Supreme Court of Minnesota noted in Am. Natl. Fire Ins. Co. v. Estate of Foumelle (Minn.1991), 472 N.W.2d 292, “[t]he intent of a severability clause is to provide each insured with separate coverage, as if each were separately insured with a distinct policy, subject to the liability limits of the policy.” Id. at 294, citing United States Fid. & Guar. Co. v. Globe Indemn. Co. (1975), 60 Ill.2d 295, 299, 327 N.E.2d 321.
{¶ 69} Courts have taken differing views when interpreting an insurance policy that contains both a severability clause and an exclusion of coverage for the prohibited act of “any insured.” In Foumelle, for example, the Supreme Court of Minnesota explained that “severability demands that policy exclusions be construed only with reference to the particular insured seeking coverage.” 472 N.W.2d at 294, citing Utica Mut. Ins. Co. v. Emmco Ins. Co. (1976), 309 Minn. 21, 243 N.W.2d 134, and 13 Appleman, Insurance Law & Practice (Rev.Ed.1976) 633, Section 7486; see also Premier Ins. Co. v. Adams (Fla.Dist.Ct.App.1994), 632 So.2d 1054,1057. Similarly, the Supreme Judicial Court of Massachusetts held in Worcester Mut. Ins. Co. v. Mamell (1986), 398 Mass. 240, 244, 496 N.E.2d 158, that if a policy contains both a severability clause and an exclusion of coverage for a prohibited act of “any insured,” then “the term ‘insured’ as used in the * * * exclusion refers only to the person claiming coverage under the policy.” The court in Mamell recognized, however, that while this interpretation gives effect to the severability clause, it “makes the word ‘any’ in the * * * exclusion superfluous.” Id. at 245, 496 N.E.2d 158.
{¶ 70} Other courts have held that a policy containing both an any-insured exclusion and a severability clause is ambiguous and must be construed in favor of the insured. See, e.g., State Farm Fire & Cas. Ins. Co. v. Keegan (C.A.5, 2000), 209 F.3d 767, 771 (Texas law); Brumley v. Lee (1998), 265 Kan. 810, 815, 963 P.2d 1224; W. Am. Ins. Co. v. AV & S (C.A.10, 1998), 145 F.3d 1224, 1229 (Utah law); Northwestern Natl. Ins. Co. v. Nemetz (Wis.App.1986), 135 Wis.2d 245, 256, 400 N.W.2d 33.
{¶ 71} A majority of courts, however, have held that a severability clause does not create any ambiguity and does not alter the plain meaning and application of an any-insured exclusion. See, e.g., J.G. v. Wangard, 2008 WI 99, 313 Wis.2d 329, 753 N.W.2d 475, ¶ 46-49; Argent v. Brady (App.Div.2006), 386 N.J.Super. 343, 355, 901 A.2d 419; Am. Family Mut. Ins. Co. v. Corrigan (Iowa 2005), 697 N.W.2d 108, 116-117; BP Am., Inc. v. State Auto Property & Cas. Ins. Co., 2005 OK 65, 148 P.3d 832, ¶ 17-29; Am. Family Mut. Ins. Co. v. White (Ariz.App. 2003), 204 Ariz. 500, 507, 65 P.3d 449; Mut. of Enumclaw Ins. Co. v. Cross (2000), *580 103 Wash.App. 52, 62, 10 P.3d 440; Allstate Ins. Co. v. Kim (D.Hawaii 2000), 121 F.Supp.2d 1301,1308; Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Assn. (C.A.11, 1997), 117 F.3d 1328, 1336 (Florida law); Johnson v. Allstate Ins. Co., 1997 ME 3, 687 A.2d 642, ¶ 8-9; Am. Family Mut. Ins. Co. v. Copeland-Williams (Mo.App.1997), 941 S.W.2d 625, 629; Michael Carbone, Inc. v. Gen. Acc. Ins. Co. (E.D.Pa.1996), 937 F.Supp. 413, 420; California Cas. Ins. Co. v. Northland Ins. Co. (1996), 48 Cal.App.4th 1682, 1696-1697, 56 Cal.Rptr.2d 434; Oaks v. Dupuy (La.App.1995), 653 So.2d 165, 168-169; Northwest G.F. Mut. Ins. Co. v. Norgard (N.D.1994), 518 N.W.2d 179; Gorzen v. Westfield Ins. Co. (1994), 207 Mich.App. 575, 578-579, 526 N.W.2d 43; Chacon, 788 P.2d at 752; McCauley Ents., Inc. v. New Hampshire Ins. Co. (D.Conn.1989), 716 F.Supp. 718, 721; Great Cent. Ins. Co. v. Roemmich (S.D.1980), 291 N.W.2d 772, 774.
{¶ 72} The Supreme Court of Colorado’s decision in Chacon is representative of the majority view. There, the teenage son of Reyes and Sarah Chacon vandalized an elementary school. 788 P.2d at 749. Upon reimbursing the school district for the repairs, the district’s insurer sued the Chacons pursuant to a state statute that permitted recovery of up to $3,500 from the parents of a child who willfully damages a school. Id. The Chacons sought coverage for this liability from their homeowner’s insurance carrier, but the carrier denied their claim on the basis of a provision that excluded coverage for damage caused by the intentional act of “any insured,” which included their son. Id. The Chacons filed an action to compel coverage, but both the trial court and the appellate court ruled in favor of the carrier. Id. at 749-750. On appeal, the Supreme Court of Colorado held that the exclusion “clearly and unambiguously expresses an intention to deny coverage to all insureds when damage is intended or expected as a result of the actions of any insured.” Id. at 752. Furthermore, the court emphasized, “[t]he inclusion of a severability clause within the contract is not inconsistent with the creation of a blanket exclusion for intentional acts.” Id. at 752, fn. 6.
{¶ 73} This reasoning is persuasive, and I would adopt it. In this case, the Safeco policies exclude coverage for injuries caused by the intentional act of any insured. The language of the severability clause does not suggest that “an insured” or “any insured” means “the insured” or that the exclusions in the policies would not apply in these circumstances. Even if each insured is treated as having a separate policy, the exclusionary language remains unambiguous. As the Supreme Court of North Dakota stated in Norgard, “ ‘the purpose of severability clauses is to spread protection, to the limits of coverage, among all of the * * * insureds. The purpose is not to negate bargained-for exclusions which are plainly worded.’ ” 518 N.W.2d at 183, quoting Natl. Ins. Underwriters v. Lexington Flying Club, Inc. (Ky.App.1979) 603 S.W.2d 490, 492.
*581 Jenks, Pyper & Oxley Co., L.P.A., P. Christian Nordstrom, and Scott G. Oxley, for appellant.
Gallagher Sharp, Jay Clinton Rice, and Richard C.O. Rezie, for appellees.
Murray & Murray Co., L.P.A., Dennis E. Murray Sr., and James L. Murray, urging affirmance for amici curiae, Vincent Joseph Bilgen and Gloria Louis.
{¶ 74} Furthermore, giving the any-insured exclusion its plain meaning does not render the severability clause meaningless, as it would continue to apply in other contexts. See 2 Windt, Insurance Claims and Disputes 164, Section 11:8, citing St. Katherine Ins. Co. Ltd. v. Ins. Co. of N. Am., Inc. (C.A.7,1993), 11 F.3d 707, 710-711 (Illinois law); 5801 Assocs., Ltd. v. Continental Ins. Co. (C.A.5, 1993), 983 F.2d 662, 664-666; Silverball Amusement, Inc. v. Utah Home Fire Ins. Co. (W.D.Ark.1994), 842 F.Supp. 1151, 1154-1155, affirmed (C.A.8, 1994), 33 F.3d 1476. Thus, only one interpretation of the Safeco policies gives effect to both the exclusions and the severability clauses, and as the court stated in Hacker v. Dickman (1996), 75 Ohio St.3d 118, 119-120, 661 N.E.2d 1005, “[i]t is only when a provision in a policy is susceptible of more than one reasonable interpretation that an ambiguity exists * * *.”
{¶ 75} Accordingly, I would answer the second certified conflict question in the negative and hold that a provision in a liability insurance policy that excludes coverage for injuries caused by the intentional act of any insured is not made ambiguous by a severability clause providing that the insurance applies separately to each insured.
{¶ 76} Because I would conclude that the injuries caused by the negligent acts of Lance and Diane are not distinct from the injuries caused by the intentional acts of Benjamin, I would hold that the intentional-act exclusions in the policies apply to all the injuries in this case. Furthermore, I would hold that the severability clauses do not render the exclusionary clauses ambiguous. Thus, I would hold that the Safeco policies do not provide liability coverage to Lance and Diane White for the injuries in this case and would therefore reverse the judgment of the court of appeals.
Lundberg Stratton, J., concurs in the foregoing opinion.