MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING
ASSOCIATION vs. MALCOLM BERRY.

No. 10-P-1485.

Suffolk. September 7, 2011. - October 6, 2011.

Present: GRASSO, KATZMANN, & RUBIN, JJ.

*Insurance,* Homeowner's insurance, Motor vehicle exclusion. *Indemnity.*

The motor vehicle exclusion in a homeowner's insurance policy, which categorically and unambiguously precluded coverage for personal injury arising out of the use of a motor vehicle by any person, relieved the insurer of the duty to indemnify the insureds for their liability to a third party for personal injuries arising out of a motor vehicle accident occasioned by the negligent operation of an underage minor who was under the influence of alcohol served or supplied to him while a guest at the insureds' home. [599-605]

CIVIL ACTION commenced in the Superior Court Department on September 4, 2007.

The case was heard by *John C. Cratsley,* J., on motions for summary judgment.

*John A. Donovan, III,* for the defendant.

*Richard F. Wholley* for the plaintiff.

GRASSO, J. The question before us is whether the motor vehicle exclusion in the applicable homeowner's insurance policy relieves the insurer of the duty to indemnify the insureds for their liability to a third party for personal injuries arising out of a motor vehicle accident occasioned by the negligent operation of an underage minor who was under the influence of alcohol served or supplied to him while a guest at the insureds' home. A judge of the Superior Court concluded that the motor vehicle exclusion in the governing policy differs from that in *Worcester Mut. Ins. Co.* v. *Marnell,* 398 Mass. 240, 242 (1986) (*Marnell*), and relieves the insurer of indemnity liability in the present circumstances. We affirm.

1. *Background.* For purposes of summary judgment the parties stipulated to the following. Patrick Bernier and Julien Caron are owners of property located at 378 Haverhill Street, Lawrence, and "insureds" under a homeowner's insurance policy issued by Massachusetts Property Insurance Underwriting Association (MPIUA). On June 28, 2005, while the policy was in effect, Bernier and Caron negligently served, supplied, or permitted David DiFrancesco, a nonresident minor, to consume alcohol and become intoxicated at the insured premises. While under the influence of that alcohol, DiFrancesco negligently operated a motor vehicle[1] that struck another vehicle operated by Malcolm Berry, who sustained serious personal injuries.

Berry sued Bernier and Caron for his injuries. MPIUA provided Bernier and Caron a defense to Berry's action, subject to a reservation of its rights under the homeowner's policy. MPIUA, Berry, Bernier, and Caron then entered into a settlement agreement wherein Berry released Bernier and Caron from further liability and MPIUA agreed to pay Berry differing amounts dependent upon whether it had a duty to indemnify under the homeowner's policy. MPIUA instituted this action seeking a declaration that it had no such duty to indemnify under that policy.

On cross motions for summary judgment, the motion judge concluded that the motor vehicle exclusion applied and relieved MPIUA of any duty to indemnify the insureds for liability to Berry as social hosts. The judge entered a declaration and judgment in favor of MPIUA, and this appeal followed.

2. *Discussion.* We begin by noting that the question before us is not whether Bernier and Caron are liable to Berry as social hosts for the personal injuries he sustained as a result of their intoxicated guest's negligent operation of a motor vehicle. See *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 162 (1986); *Dube* v. *Lanphear*, 69 Mass. App. Ct. 386, 389 (2007). Such liability is conceded for purposes of this case. Rather, the question is whether Bernier's and Caron's home-

---

[1]Although as discussed *infra*, the applicability of the motor vehicle exclusion no longer turns on whether an insured owns or operates the vehicle, neither Bernier nor Caron owned or controlled the motor vehicle operated by DiFrancesco.

owner's insurance policy requires their insurer, MPIUA, to indemnify them from liability to Berry as social hosts for his personal injuries arising out of DiFrancesco's subsequent operation of a motor vehicle.

Ordinarily, resolution of MPIUA's duty to indemnify its insureds would depend on whether (1) the facts and circumstances involved a covered "occurrence" within the meaning of the policy, and (2) a policy "exclusion" relieves it of that liability. In this case, we need not ponder the question of "coverage." The parties agree that the insureds' service of alcohol to DiFrancesco, combined with DiFrancesco's subsequent operation of his motor vehicle under the influence of that alcohol so as to cause personal injury to Berry, is a covered "occurrence" within the meaning of the policy. Accordingly, the insureds have satisfied their burden of proving policy coverage. See *Highlands Ins. Co.* v. *Aerovox Inc.*, 424 Mass. 226, 230 (1997). See also *Marnell*, 398 Mass. at 244-246 (negligent supervision claim that relates only to activities within the home is separate and distinct theory of recovery from use or operation of motor vehicle).

The question that remains is whether MPIUA satisfied its burden of proving the applicability of an exclusion negating coverage. See *Highlands Ins. Co.* v. *Aerovox Inc.*, *supra* at 231. MPIUA contends that because Berry's personal injuries "arise out of" DiFrancesco's use of a motor vehicle, the motor vehicle exclusion relieves it of the indemnity liability that it otherwise would have. MPIUA maintains that the motion judge correctly distinguished *Marnell*, *supra*, as not controlling in this case. In *Marnell*, the Supreme Judicial Court considered whether the motor vehicle exclusion in a homeowner's insurance policy relieved the insurer of a duty to defend[2] a social host liability claim against the named insureds, Richard and Ellen Marnell. *Id.* at 241. The claim alleged that they negligently supervised a party held in their home during which their underage son Michael, an unnamed insured, became intoxicated and subsequently drove his motor vehicle negligently, striking and

---

[2]Although the duty to defend is broader than the duty to indemnify, see *Siebe, Inc.* v. *Louis M. Gerson Co.*, 74 Mass. App. Ct. 544, 553 (2009), our decision does not turn on that distinction. As noted, MPIUA defended the insureds against Berry's claim for personal injuries.

killing a third party. *Ibid.* The motor vehicle exclusion in the Marnells' homeowner's policy provided that "[liability coverages] do not apply to bodily injury or property damage: . . . arising out of the ownership, maintenance, use, loading or unloading of . . . a motor vehicle owned or operated by or rented or loaned *to any insured*[3] . . ." (emphasis supplied). *Id.* at 242. At the same time, a "severability of insurance" clause in the policy stated that "This insurance applies separately *to each insured*" (emphasis supplied). *Ibid.*

Interpreting the motor vehicle exclusion in light of the severability of insurance clause, the court concluded that the insurer owed Richard and Ellen Marnell a duty to defend because the severability of insurance clause "applies separately to each insured," and the term "insured" as used in the motor vehicle exclusion referred only to the person claiming coverage under the policy. See *id.* at 244. Accordingly, since neither of them owned or operated the motor vehicle that struck the deceased, "the provision excluding coverage for bodily injury arising out of the insured's ownership or use of a motor vehicle does not preclude Richard and Ellen Marnell from obtaining coverage" in connection with the social host liability tort claim. *Id.* at 244-245. Significantly, *Marnell* noted that, "We agree that without the severability provision a literal reading of the motor vehicle exclusion by itself precludes the Marnells from coverage under the policy because Michael Marnell, an insured, owned and operated the motor vehicle involved in the fatal accident. But the severability of insurance clause makes coverage available to Richard and Ellen Marnell nonetheless." *Id.* at 244.

MPIUA maintains that unlike the motor vehicle exclusion in *Marnell*, which, read in conjunction with the policy's "severability of insurance" provision, excluded coverage only for an automobile driven by "an *insured*," the exclusion of the present policy applies to "*any person*" who operates or uses the motor vehicle. In effect, and as modified by the insurer in light of *Marnell*, the motor vehicle exclusion establishes a type of personal injury for which homeowner's insurance policy coverage is categorically excluded: *that arising out of the use of a*

---

[3]It was undisputed in *Marnell* that Michael owned and operated the motor vehicle involved in the fatal accident. See *Marnell, supra* at 242.

*motor vehicle.*[4] If the bodily injury in the covered occurrence "arises out of" the use of a motor vehicle, the motor vehicle exclusion relieves MPIUA of indemnity liability regardless of whether other covered causes may have contributed to the injury, and the severability of insurance clause on which *Marnell* turned has no applicability. In the circumstances before us, we agree.

The language of the motor vehicle exclusion in this case is different from that in *Marnell* and its progeny in which the exclusion precluded coverage only when the injury arose out of the ownership or use of a motor vehicle owned or operated by the *insured.* See *id.* at 242; *Shamban* v. *Worcester Ins. Co.*, 47 Mass. App. Ct. 10, 15 (1999) ("Under *Marnell* it makes a difference whether the insured who is sued . . . did or did not own the vehicle involved in the accident"); *Phoenix Ins. Co.* v. *Churchwell*, 57 Mass. App. Ct. 612, 615 (2003) (result reached in prior cases not based on theory advanced but on fact that vehicle involved not owned or operated by insureds and existence of severability clause). Here, the exclusion relieves the insurer from coverage for injuries arising out of the use of a motor vehicle by *any person*, rendering irrelevant any severability of insurance clause.

We discern no ambiguity in the language of the exclusion. As pertinent here, "Section II - Exclusions," part A of the policy specifically excludes "Motor Vehicle Liability"[5] in broad terms.[6] Berry's contention that ambiguity arises from the use of the

---

[4]Indeed, in argument before us, MPIUA conceded that were DiFrancesco to have struck Berry and caused him injury while operating a bicycle rather than a motor vehicle, it would be required to indemnify the insureds. The motor vehicle exclusion would be inapplicable because Berry's injuries would have arisen out of DiFrancesco's use of a bicycle rather than an excluded motor vehicle.

[5]In pertinent part, the policy defines "Motor Vehicle Liability" as "Liability for 'bodily injury' or 'property damage' *arising out of*" the operation or use of a motor vehicle "by any person" (emphasis supplied). For purposes of this definition, "[m]otor vehicle means a 'motor vehicle' as defined in [the Liability Coverages section]."

[6]As pertinent, the motor vehicle liability exclusion provides:

"1. Coverage[] E [bodily injury liability] . . . do(es) not apply to any 'motor vehicle liability' if, at the time and place of an 'occurrence', the involved 'motor vehicle':

"a. Is registered for use on public roads or property;

words "such vehicle" and "any person" in the definition of "motor vehicle liability" amounts to little more than "a strained attempt to create ambiguity where none exists." *Mayer* v. *Medical Malpractice Joint Underwriting Assn. of Mass.*, 40 Mass. App. Ct. 266, 269 (1996). "Such vehicle" is not susceptible of ambiguity because the policy makes clear that for purposes of the definition of the term "motor vehicle liability," the term "motor vehicle" is defined as a "self-propelled land or amphibious vehicle" without reference to whether it is owned by the insured or anyone else. Likewise, the words "any person" unambiguously extend to "any person," not merely to a named insured. To conclude otherwise would render the policy definition of "insured" superfluous, and the various explicit policy references to "insured(s)," as opposed to others, meaningless. Under the plain, broad, and unambiguous terms of the motor

"b. Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the 'occurrence'; or

"c. Is being

"(1) Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;

"(2) Rented to others;

"(3) Used to carry person or cargo for a charge; or

"(4) Used for any 'business' purpose except for a motorized golf cart while on a golfing facility.

"2. If Exclusion A.1. does not apply, there is still no coverage for 'motor vehicle liability' unless the 'motor vehicle' is:

"a. In dead storage on an 'insured location';

"b. Used solely to service an 'insured's' residence;

"c. Designed to assist the handicapped and, at the time of an 'occurrence,' it is:

"(1) Being used to assist a handicapped person; or

"(2) Parked on an 'insured location';

"d. Designed for recreational use off public roads. . . ."

vehicle exclusion there is no bodily injury liability coverage because Berry's injuries arise out of the use of a motor vehicle.

We reject Berry's contention that *Jussim* v. *Massachusetts Bay Ins. Co.*, 415 Mass. 24, 29-30 (1993), commands a different result. There, the court concluded that a homeowner's insurance policy covered damages incurred when home heating oil migrated onto the plaintiff homeowners' property after the oil was negligently spilled at a neighbor's house notwithstanding a policy exclusion for "loss . . . *caused by* . . . release, discharge or dispersal of contaminants or pollutants" (emphasis added). *Id.* at 26. Unlike *Jussim*, this is not a first-party liability insurance case where a policy holder seeks recovery for loss to his property arising from a "chain of causation," and where the policy expressly covers losses caused by the negligence of a third party but excludes events that are not the cause of the loss. See *id.* at 30 ("where the excluded event is not the cause of the loss, but rather the *result* of a covered risk, the insured may recover"). Rather, at issue here is third-party coverage under Bernier's and Caron's homeowner's policy for their liability to Berry as social hosts arising out of DiFrancesco's subsequent use of a motor vehicle.

The underpinning of *Jussim* and its application of "chain of causation" analysis is usually confined to first-party insurance cases where causation is at issue and not to third-party policy coverages. See *id.* at 27-29. See also *Utica Mut. Ins. Co.* v. *Hall Equip., Inc.*, 73 F. Supp. 2d 83, 92 (D. Mass. 1999), citing *United States Liab. Ins. Co.* v. *Bourbeau*, 49 F.3d 786 (1st Cir. 1995). The distinction is especially important when, as here, the question whether Berry's loss was "caused by" the service of alcohol to DiFrancesco, by DiFrancesco's negligent operation of a motor vehicle, or both in combination is irrelevant for purposes of policy interpretation.[7] Under the terms of the exclusion,

---

[7]"Chain of causation" analysis is not generally employed in third-party insurance. Unless otherwise provided, third-party insurance generally protects the insured from liability to the injured party if *any* cause of bodily injury (or property damage) falls within the coverage provided in the policy. "Arising out of" exclusions in liability policies operate to alter this general rule by eliminating coverage regardless of the theories of recovery asserted if the injury or damage flows from or originates from events or causes identified in the exclusion. See *Bagley* v. *Monticello Ins. Co.*, 430 Mass. 454, 457 (1999).

the operative question is whether Berry's injuries "arise out of" the use of a motor vehicle. See *Bagley* v. *Monticello Ins. Co.,* 430 Mass. 454, 457 (1999) ("phrase 'arising out of' must be read expansively, incorporating a greater range of causation than that encompassed by proximate cause under tort law"). The exclusion for personal injuries "arising out of" the use of a motor vehicle eliminates the significance of other causal elements and renders irrelevant the "chain of causation" analysis. See *ibid.*; *American Home Assur. Co.* v. *First Specialty Ins. Co.,* 73 Mass. App. Ct. 1, 6 (2008) ("That other causes for an injury also may exist does not preclude a determination that the injury arises out of activities excluded from coverage under the policy"). Berry's injuries arise out of the use of a motor vehicle such that the motor vehicle exclusion relieves MPIUA of a duty to indemnify the insureds.

*Judgment affirmed.*