183 So.2d 571 (1966)
SHELBY MUTUAL INSURANCE CO., Appellant,
v.
Henry SCHUITEMA, Appellee.
No. 66.
District Court of Appeal of Florida. Fourth District.
February 16, 1966.
Rehearing Denied March 16, 1966.
Edward A. Perse, of Cary, Terry, Dwyer, Austin, Cole & Stephens, Miami, for appellant.
Charles H. Damsel, Jr., and James M. Adams, of Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
SMITH, Chief Judge.
Henry Schuitema, appellee here, sued the defendant-appellant, Shelby Mutual Insurance Co., alleging that the insurance company wrongfully refused to extend coverage to and defend him in a negligence action brought against him by a third party, Mardie N. Poss. The case was tried by the court without a jury on a stipulated statement of facts. The court entered final judgment for Schuitema and the insurance company appealed.
The insurance company issued a policy of automobile liability insurance to Don Wilson *572 Lincoln-Mercury, Inc., containing the following pertinent provisions:
INSURING AGREEMENTS
"I Coverage A  Bodily Injury Liability  Automobile. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile.
III DEFINITION OF INSURED
"The unqualified word `insured' includes the named insured and also includes (1) under coverages B and D, any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the named insured, and if the named insured is a partnership, the unqualified word `insured' also includes any partner therein but only with respect to his liability as such, and (2) under coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement:
* * * * * *
"(c) To any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer;
* * * * * *
EMPLOYEE EXCLUSION
* * * * * *
"(g) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured:
* * * * * *
8. SEVERABILITY OF INTERESTS
"The term `the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."
Schuitema went to the place of business of Don Wilson contemplating the purchase of an automobile. Mardie N. Poss, a salesman employed by Don Wilson, showed Schuitema various automobiles, including one owned by Don Wilson which was parked on the street in front of its place of business. Schuitema sat in the driver's seat and Poss sat in the opposite front seat. Schuitema opened the left front door into traffic and an automobile driven by Jimmy D. Smith struck the open door. As a result of the collision, Poss suffered personal injuries. Poss sued Schuitema. Schuitema requested the insurance company to defend him as an additional insured under the policy issued to Don Wilson. The insurance company refused to defend or extend coverage and Schuitema defended with his own attorneys. Summary judgment was issued in favor of Poss and against Schuitema on the issue of liability and the cause was set for trial on the issue of damages. The *573 case was settled by Schuitema paying Poss his agreed damages.
On the foregoing facts the trial court rendered judgment for Schuitema in his suit against the insurance company, holding that the automobile liability insurance policy afforded coverage to Schuitema as an additional insured for his liability for injuries suffered by Poss, an employee of the named insured. In its final judgment the court analyzed in depth the authorities on the subject and came to the conclusion that the weight of authority shown by the decisions reviewed favored the insurance company's position twelve to nine. Nevertheless, the court concluded that in order to give the severability of interest clause its proper meaning and effect Schuitema should recover because the employee exclusion clause operated only as between the actual employer and employee. The court noted that there were no decisions in Florida on the precise question.
Since the entry of the judgment in this cause, the precise question has been determined by the District Court of Appeal, Third District, in Liberty Mutual Ins. Co. v. Imperial Casualty & Ind. Co., Fla.App. 1964, 168 So.2d 688. This, and every other decision of our sister court, is persuasive and we are normally inclined to follow those decisions. After thorough study of the many decisions of other jurisdictions, as well as the writings of recognized scholars in this field, we come to a conclusion contrary to that reached in the Liberty Mutual case.
Under the standard automobile policy in use before 1955 there was a split of authority as to whether coverage was provided under facts similar to the instant case. See Annot., 50 A.L.R.2d 99. In 1955 the insurance underwriters attempted to eliminate the confusion of interpretation then existing by adding the "severability of interests" clause here involved. It appears to be the virtually unanimous opinion of the legal scholars writing on the subject that the purpose of the addition of the severability of interests clause was to provide coverage under the facts in the instant case. Risjord & Austin, "Who is the `Insured'" Revisited, 28 Ins. Counsel J. 100 (1961); Thomas, The New Standard Automobile Policy; Other Provisions, 393 Ins. L.J. 653 (1955); Brown & Risjord, Loading and Unloading: The Conflict Between Fortuitous Adversaries, 29 Ins. Counsel J. 197 (1962); Breen, The New Automobile Policy, 388 Ins. L.J. 328 (1955). Since the adoption of the severability of interests clause in a policy which would or might apply to several insureds, the term "the insured", as used in the exclusions and conditions of the policy, means only the person claiming coverage. Thus, for example, the exclusion for injury to an employee of "the insured" deprives no one of coverage except with respect to his own employees. This is true because the term "the insured" is used severally and not collectively. Risjord & Austin, Standard Family Automobile Policy, 411 Ins. L.J. 199. We find ourselves unable to adopt a conclusion that the policy affords less coverage than that which the industry generally intended to provide. We believe the decisions to the contrary relied upon in the Liberty Mutual decision have followed the line of no coverage decisions existing before the adoption of the severability of interests clause, thereby in effect giving no meaning to the addition of this clause. This is apparent by a study of the decision principally relied upon, Transport Ins. Co. v. Standard Oil Co. of Texas, 1960, 161 Tex. 93, 337 S.W.2d 284. This decision was adopted four to three and was based in part on American Fidel. & Cas. Co. v. St. Paul-Mercury Indem. Co., 5th Cir.1957, 248 F.2d 509. The author of the latter decision, Judge Brown, later noted that in American Fidelity there was no severability of interests clause and that in his view where there was a severability of interests clause the result would be necessarily different. See Brown's concurring opinion in American Agriculture Chemical Co. v. Tampa Armature Works, Inc., 5th Cir.1963, 315 F.2d 856. We find ourselves unable to agree with the conclusion that the addition *574 of the severability of interests clause would produce no change in the construction given to policies existing prior to the inclusion of that clause.
The conclusion that the insuror and the insured intended only to protect the named insured as to third parties not in the status of employees overlooks the fact that, although an insurance policy could be obtained protecting only the named insured, nevertheless, this insurance policy includes, in addition to the named insured, any person using an automobile of the named insured with his permission. It is apparent then that the parties intended to furnish coverage to persons other than the named insured. The effect of the severability of interests clause is to make it certain that, when a claim is asserted against one who is an insured under the policy, then that person becomes "the insured" for the purpose of determining the insuror's obligations with respect to that claim. The exclusion as to employees of the insured is thus limited and confined to the employees of the employer against whom the claim is asserted. A conclusion to like effect was reached in Gulf Ins. Co. v. Mack Warehouse, D.C.Pa. 1962, 212 F. Supp. 39, and Pepsi Cola Bottling Co. of Charleston v. Indemnity Insurance Co., 4th Cir.1963, 318 F.2d 714.
Applying the principle that the severability of interests clause must be construed as intended to treat each insured independently from the other insured and applying this interpretation to the pertinent parts of a policy, we would arrive at the following composite, substituting Schuitema in lieu of the words, "the insured":
Shelby Mutual Insurance Co. agrees to pay on behalf of Schuitema all sums which Schuitema shall become legally obligated to pay as damages because of bodily injury sustained by any person caused by accident arising out of the use of any automobile owned by Don Wilson. This coverage does not apply to any injury of any employee of Schuitema arising out of or in the course of employment by Schuitema.
We construe this to be the meaning of the policy when applied to the facts at hand without consideration of the rule of construction that, if an insurance contract is ambiguous or susceptible of more than one construction, the court will adopt that construction which will provide the broader coverage. If the severability of interests clause and the employee exclusion clause are construed as ambiguous, then under the foregoing rule of construction we would adopt the construction which affords the most protection to the insured and arrive at the same result.
This result gives full effect to the severability of interests clause which provides that the term "the insured" is used severally. Severally means separately or apart from others. Black, Law Dictionary (4th ed. 1951).
In Webb v. American Fire & Casualty Co., Fla. 1941, 5 So.2d 252, the court noted that an exclusion clause similar to the case at bar with respect to an employee applies not only to the named insured, but also to an omnibus insured using the automobile with the knowledge and consent of the named insured, and held that a claim made by an employee of the additional insured was not covered. Thus, it seems that the court there applied the severability of interests principle to arrive at no coverage because the claimant was the employee of the additional insured. The opposite side of the coin is the result which we reach; that is, where the claimant is not the employee of the additional insured against whom the claim is made, then there is coverage.
Affirmed.
ANDREWS and WALDEN, JJ., concur.