422 So.2d 7 (1982)
AETNA FIRE UNDERWRITERS INSURANCE COMPANY, Appellant,
v.
Genevieve Naomi WILLIAMS, As Personal Representative of the Estate of Kathy Ann Harvey, Deceased, Jeffrey Paul Tilton, and Dixie Insurance Company, Appellees.
No. 81-2551.
District Court of Appeal of Florida, Second District.
May 28, 1982.
T. Gregory Slother of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Tampa, for appellant.
Larry S. Stewart of Floyd, Pearson, Stewart, Richman, Greer & Weil, Miami, for appellee Williams.
BOARDMAN, Acting Chief Judge.
This is an interlocutory appeal filed by Aetna Fire Underwriters Insurance Company. The trial court entered a partial summary judgment on the issue of liability in favor of plaintiff/appellee Genevieve Naomi Williams, as personal representative of the estate of Kathy Ann Harvey, deceased. We reverse.
The facts are undisputed, and there is no disagreement as to the applicable law. The question before us is one of interpretation and construction of the insurance policy.
The decedent, Kathy Ann Harvey, and Jeffrey Tilton were both employed by Hamilton Electric. On July 17, 1980, during the course of their employment, Tilton was operating a Hamilton Electric truck when the decedent, a passenger in the truck, fell from the truck, receiving fatal head injuries.
Hamilton Electric is insured against automobile liability by appellant. However, appellant denied coverage under the circumstances here.
The pertinent coverage provisions of the policy in question provide:
(Form X-XXX-XXX)
PART IV  AUTOMOBILE
... .
1. COVERAGE C AND COVERAGE D  COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE  applicable only if specifically indicated on Part IV Declarations.
I. COVERAGE C  BODILY INJURY LIABILITY
... .
EXCLUSIONS
This insurance does not apply:
.....
(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
(c) to bodily injury to any employee of the insured arising out of and in the *8 course of his employment by the insured unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;
... .
II. PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured;

.....
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, ...
... .
None of the following is an insured:

(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person INJURED in the course of his employment;
... .
(Form CA OX 01 (Ed. 01 78))
PART I  WORDS AND PHRASES WITH SPECIAL MEANING  . ..
...:
A. "You" and "your" mean the person or organization shown as the named insured in ITEM ONE of the declarations.
... .
F. "Insured" means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance. Except with respect to our limit of liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made or suit is brought.
... .
PART IV  LIABILITY INSURANCE
... .
C. WE WILL NOT COVER  EXCLUSIONS.
This insurance does not apply to:
... .
2. Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.
3. Any obligation of the insured to indemnify another for damages resulting from bodily injury to the insured's employee.
4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.
5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits.
The quoted portions under "PART I  WORDS AND PHRASES WITH SPECIAL MEANING" and "PART IV  LIABILITY INSURANCE are from one form, while the quoted portions under "PART IV  AUTOMOBILE" are from another. The two forms are substantially equivalent. We conclude that there is no coverage here under either form X-XXX-XXX or form CA OX 01.
Under form X-XXX-XXX, Tilton is an insured under the policy. However, the policy excludes coverage for "[b]odily injury to any fellow employee of the insured arising out of and in the course of his or her employment." Since the deceased was a fellow employee of Tilton and they were both acting in the course of their employment, the deceased's injuries are not covered.
Under form CA OX 01, there is no exclusion from coverage of bodily injury to a fellow employee of the insured, but the same result is reached under this form by excluding from the definition of "insured" "any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person INJURED in the course of his employment." *9 Appellee would have us ignore this exclusion, contending that Tilton falls under the general definition of "insured." While Tilton does otherwise meet this general definition, the exclusions from the definition are as much a part of the policy as any other language therein and should not and will not be overlooked. There is no ambiguity in either form here.
As appellant points out, such exclusions as those found in appellant's policy, which are known as cross-employee exceptions and exclusions, are inserted in business policies for the benefit of the employer. An employer is required to protect its employees pursuant to the Workers' Compensation Statute, Chapter 440, Florida Statutes. The employer then protects the general public by purchasing a liability insurance policy. Because employees are already protected by workers' compensation, the insurance policy bought to protect the general public generally specifically excludes coverage for injuries covered by workers' compensation. The insurance policy premium would necessarily be higher were this not so. These cross-employee provisions have been found not to contradict the other provisions of the policy, but rather qualify the other provisions. See Annot. 45 A.L.R.3d 288 (1972).[1]
Florida courts have interpreted cross-employee exceptions such as those found here and have held them to be valid exclusions of policy coverage under the circumstances involved in this case. General Insurance Co. v. Reid, 216 So.2d 41 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 752 (Fla. 1969); McRae v. Snelling, 303 So.2d 670 (Fla. 4th DCA 1974); Allstate Insurance Co. v. Anderson, 394 So.2d 461 (Fla. 3d DCA 1981). See also Hartford Accident & Indemnity Co v. Fonck, 344 So.2d 595 (Fla. 2d DCA 1977), cert. denied, 359 So.2d 1214 (Fla. 1978).
Accordingly, the partial summary judgment in favor of appellee is REVERSED and the cause REMANDED with directions to enter summary judgment in favor of appellant.
RYDER and DANAHY, JJ., concur.
NOTES
[1] We do not disagree with the cases cited in appellee's well prepared and concise brief; however, we are unpersuaded that they answer the precise question before us, i.e., whether Tilton is an insured under the policy here.