GROSS, C.J.
 

 Because a policy exclusion applies, we reverse a final declaratory judgment finding that insurance coverage exists for a lawsuit arising out of an automobile accident.
 

 Valentin Bautista-Bautista and Elias Caballero were employees of Charlie’s Tree Service, Inc. While both were on the job, Caballero was driving a company truck in which Bautista was a passenger. The truck was in an accident that killed Caballero and injured Bautista.
 

 Bautista settled with Charlie’s for worker’s compensation benefits and sued Caballero’s estate. Mercury Insurance Company of Florida had issued a commercial auto policy where Charlie’s was the named insured. Mercury filed a declaratory judgment action to establish that exclusions in the policy precluded coverage for Bautista’s claim against Caballero’s estate. Both parties moved for summary judgment. The circuit court granted summary judgment in favor of Bautista, ruling that there was coverage under the Mercury policy for Bautista’s claims against Caballero’s estate.
 

 The facts of this case fall under at least one exclusion in the policy, so the court should have granted judgment in favor of Mercury.
 

 The policy provides that coverage and Mercury’s duty to defend “does not apply to”
 

 6. Bodily injury to an employee of an insured ... arising out of or within the course of employment, except with respect to a domestic employee if benefits are neither paid nor required to be provided under any Workers’ Compensation, disability benefits or other similar
 
 *377
 
 law. This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
 

 There is no dispute (1) that Charlie’s is “an insured” within the meaning of the exclusion, (2) that Bautista was an employee of Charlie’s, and (3) that Bautista’s injuries arose out of or within the course of his employment with Charlie’s.
 

 We reject Bautista’s argument that “an insured” must refer only to Caballero, because Caballero is the only “insured”
 
 [1]
 
 he has sued. The exclusion is not confined to the parameters of a particular lawsuit, but is directed at the facts of the accident for which coverage is sought. There is no getting around the fact that Charlie’s is “an insured” under the policy. We agree with the observations of the second district that exclusions such as this one
 

 are inserted in business policies for the benefit of the employer. An employer is required to protect its employees pursuant to the Workers’ Compensation Statute .... The employer then protects the general public by purchasing a liability insurance policy. Because employees are already protected by workers’ compensation, the insurance policy bought to protect the general public generally specifically excludes coverage for injuries covered by workers’ compensation. The insurance policy premium would necessarily be higher were this not so.
 

 Aetna
 
 Fire Underwriters Ins. Co. v. Williams,
 
 422 So.2d 7, 9 (Fla. 2d DCA 1982).
 
 See also Webb v. Am. Fire & Cas. Co.,
 
 148 Fla. 714, 5 So.2d 252 (1941); 8
 
 Couch on Insurance
 
 § 115:26 (3d ed. 2008).
 

 We reverse the final summary declaratory judgment and remand for the entry of a judgment in favor of Mercury establishing that there is no coverage under the policy for Bautista’s lawsuit against Caballero’s estate.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . A policy definition of “insured” includes "[a]ny additional driver listed" on the policy "but only while driving” an insured auto. Caballero was a listed driver driving an insured auto.