KATHLEEN M. WILLIAMS, UNITED STATES DISTRICT JUDGE
THIS MATTER is before the Court on Magistrate Judge Edwin G. Torres' Report and Recommendation (the "Report") recommending that Defendant's motion to dismiss be granted with prejudice. (DE 38). Plaintiffs timely filed objections to the Report and Defendant filed a response. (DE 43, 47). For the reasons set forth below, the Court DECLINES to adopt the Report (DE 38) and Defendant's motion to dismiss (DE 25) is DENIED.
I. BACKGROUND
On June 1, 2011, Plaintiff Efrain Alamo-Cruz was performing tree-trimming services, as an independent contractor for Affordable Treemen Inc., in Plantation, Florida. (DE 20-1 ¶ 14). While trimming a palm tree, the electric saw that Mr. Alamo-Cruz was using malfunctioned; it cut the safety harness that secured him to the tree and caused him to fall approximately 30 feet to the ground causing him severe and permanent injuries. (DE 20-1 ¶¶ 15, 17). On January 20, 2015, Plaintiffs filed a state court lawsuit against Affordable Treemen and Robin A. Croce (Affordable Treemen's President) advancing negligence claims against them. (DE 20-1). Although Affordable Treemen and Croce were insured by a General Commercial Liability policy issued by Defendant, Defendant denied insurance coverage because the insurance policy (the "Policy") contains a provision excluding recovery for bodily injury to independent contractors. (DE 20 *1279 ¶ 5). The state court case concluded with a judgment against Affordable Treemen and Croce for $ 23,065,991.00. (DE 20 ¶ 6).[1]
On May 25, 2017, Croce assigned to Plaintiffs all rights or actions she has against Defendant, and on April 5, 2017, Plaintiffs brought this action advancing breach of contract and bad faith claims based on of Defendant's denial of insurance coverage for the claims Plaintiffs asserted in the state court action. (DE 1; DE 20 ¶ 8). Defendant then filed a motion to dismiss alleging, inter alia , that the Policy's provision excluding recovery for bodily injury to independent contractors barred Plaintiffs' claims.
On December 20, 2017, Judge Torres issued the Report, concluding that because Mr. Alamo-Cruz sustained injuries while he was performing independent contractor duties for Affordable Treemen, his claims against Affordable Treemen and Croce are excluded from coverage under the Policy's independent contraction liability exclusion. (DE 38).
II. LEGAL STANDARD
After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) ; Williams v. Wainwright , 681 F.2d 732, 732 (11th Cir. 1982), cert. denied , 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga. , 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions de novo , even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co. , 37 F.3d 603, 604 (11th Cir. 1994).
Additionally, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). The Court's consideration is limited to the allegations in the complaint. See GSW, Inc. v. Long Cnty. , 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention , 623 F.3d 1371, 1379 (11th Cir. 2010) ; see also Roberts v. Fla. Power & Light Co. , 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." Twombly , 550 U.S. at 555, 127 S.Ct. 1955 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Watts v. Fla. Int'l Univ. , 495 F.3d 1289 (11th Cir. 2007)
*1280 (quoting Twombly , 550 U.S. at 545, 127 S.Ct. 1955 ).
III. DISCUSSION
The issue before the Court is whether the exclusion of liability for bodily injuries sustained by independent contractors ("Independent Contractor Exclusion") precludes coverage for Croce, as President and agent of Affordable Treemen.[2] Although the Policy was issued to Affordable Treemen, there is no dispute that Croce was insured under the Policy, which states that "your" "executive officers" and "directors" are insureds. (De 20-2). However, Defendant argues that because Mr. Alamo-Cruz was performing services for Affordable Treemen when he suffered his injuries, the plain language of the Independent Contractor Exclusion precludes coverage for Croce as well. Defendant also argues that the allegations in the underlying state court complaint suggest that Mr. Alamo-Cruz had a working relationship with Croce but the Court does not agree. The complaint filed in state court in the underlying litigation specifically alleges that Mr. Alamo Cruz did not perform independent contracting services for Croce. Even if there were some ambiguity, at this stage of the proceedings, the Court must take Plaintiffs' allegations as true and construe them in the light most favorable to Plaintiffs. See Ortega Trujillo v. Banco Cent. Del Ecuador , 17 F.Supp.2d 1334, 1337 (S.D. Fla. 1998). Thus, the outcome of this motion turns on the interpretation of the Policy.
The Independent Contractor Exclusion provides, in relevant part:
This insurance does not apply to 'bodily injury', personal and advertising injury', or 'medical payments' to any independent contractor, subcontractor, casual laborer or volunteer worker, or to any employee of any independent contractor, subcontractor, while performing work for you.
(DE 20-2). Under the Policy, "the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured." (Id. )
Plaintiffs concede that Mr. Alamo-Cruz was performing services for Afforable Treemen when the accident happened, but they argue that the Independent Contractor Exclusion must be read in conjunction with the Policy's separation of insureds provision ("Separation of Insureds Provision") which states, in relevant part:
Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
a. As if each Named Insured were the only Named Insured; and
b. Separately to each insured against whom claim is made or "suit" is brought.
(DE 20-2). Reading the two provisions together and the Policy as a whole, Plaintiffs argue that their claims against Croce are not precluded from coverage because Mr. Alamo-Cruz did not have an independent contractor relationship with Croce.
Two cases have framed the Parties' discussion. Defendant cites to TNT Equip. Inc. v. Amerisure Mut. Ins. Co. , No. 615CV14610RL37DAB, 2016 WL 5146198 (M.D. Fla. Sept. 21, 2016) to support its argument that the Independent Contractor Exclusion is not limited by the Separation of Insureds Provision. TNT involved a dispute *1281 arising out of an accident that occurred at a construction site of a hotel. While performing stucco work, a worker's equipment collapsed and caused him to fall approximately forty to fifty feet. The defective equipment was under lease from TNT to the main contractor. When the worker sued TNT for negligence, TNT filed a declaratory action against the insurer. The policy at issue had an exclusionary provision, which provided:
This insurance does not apply to 'bodily injury' or 'property damage' arising out of either your ongoing operations or operations included within the 'products completed operations hazard' if such operations were at any time included within a 'controlled insurance program' for a construction project in which you are or were involved.
Id. at *2. The policy also had a separation of insureds provision stating that "this insurance applies ... [a]s if each Named Insured were the only Name Insured ..." Id. at *3. TNT did not dispute that the contractor had a separate "controlled insurance program" that covered the construction project. However, TNT argued that the exclusionary provision did not apply to "Additional Insureds" such as TNT, because, in TNT's view, the terms "you" and "your" in the exclusionary provision refer only to the contractor as the "Named Insured." The Court disagreed with TNT, finding that the separation of insureds provision did not identify TNT as an Additional Insured or distinguish the rights of any insureds and did not otherwise limit the exclusionary provision.
On the other end of the spectrum, Plaintiffs point to Evanston Ins. Co. v. Design Build Interamerican, Inc. , 569 F. App'x 739, 740 (11th Cir. 2014). In that case, an employee sued his employer along with three of the company's employees, including the company's president, for personal injuries sustained in an accident at a construction site. The company had a commercial general policy that extended coverage to officers and employees of the company. The policy had an exclusionary provision that provided, in part:
This Insurance does not apply to ... [b]odily injury to ... an employee of any insured arising out of and in the course of (a) [e]mployment by any Insured; or (b) [p]erforming duties related to the conduct of any insured's business.
Id. at 741. The policy also had a separation of insureds provision stating that "this insurance applies ... [a]s if each Named Insured were the only Name Insured ..." Id. The employee did not dispute his status as an employee of the company. Instead, he argued that, in light of the separation of insureds provision, his claims against his co-employees, including the company's president, were not precluded from coverage because he was not employed by them. The insurer responded that the policy's plain language precluded coverage for bodily injury to an employee of "any insured." After analyzing precedent under Florida law, the Eleventh Circuit concluded that the only way to give meaning to both the exclusionary provision and the separation of insureds provision was to construe the policy as precluding coverage for the actual employer only.
First, the court found that under Florida law, severability clauses "create separate insurable interests in each individual insured under a policy, such that the conduct of one insured will not necessarily exclude coverage for all other insureds." Id. at 742. Because the policy had a separation of insureds provision, the court concluded that "all provisions of the policy, including the employer's liability exclusion" must be read as if coverage only exists for each insured separately. Id. at 743. Second, the court found that coverage was not precluded *1282 for the company's president "because reading this provision as if [the president] were the only insured, coverage would not be precluded because [plaintiff] is not an employee of [the president]." Id. Finally, the court noted that "this reading does not render the inclusion of the employer's liability exclusion superfluous because the exclusion applies to [the company], who for purposes of this exclusion is the employer of [plaintiff]." Id.
To reach this conclusion, the Eleventh Circuit relied mainly on Premier Ins. Co. v. Adams , 632 So.2d 1054 (Fla. 5th DCA 1994) where a Florida appellate court found that "a severability clause contained in the policy required that each insured be treated as having separate insurance coverage" even if such interpretation "rendered the term 'any insured' superfluous." The Eleventh Circuit also relied on Shelby Mut. Ins. Co. v. Schuitema , 183 So.2d 571, 574 (Fla. 4th DCA 1966), approved 193 So.2d 435 (Fla. 1967) where the court found as follows:
It is apparent then that the parties intended to furnish coverage to persons other than the named insured. The effect of the severability of interests clause is to make it certain that, when a claim is asserted against one who is an insured under the policy, then that person becomes 'the insured' for the purpose of determining the insuror's obligations with respect to that claim. The exclusion as to employees of the insured is thus limited and confined to the employees of the employer against whom the claim is asserted.
As in Evanston , this case involves an exclusionary provision for employees or independent contractors and an identical separation of insureds clause. Applying the principles of Evanston and of the Florida appellate courts, it follows that, at a minimum, the Policy is ambiguous as to whether it precludes coverage for the claims asserted against Croce. And, where severability and exclusionary provisions create an ambiguity, the policy has to be construed strictly against the insurer as the drafter of the policy. Evanston , 569 F. App'x at 742. Moreover, if there was any doubt as to whether the Eleventh Circuit properly interpreted Florida precedent, such doubt has been answered by the decision in Taylor v. Admiral Ins. Co. , 187 So.3d 258, 258 (Fla. 3d DCA 2016), reh'g denied (Mar. 23, 2016), review denied , No. SC16-699, 2016 WL 5888507 (Fla. Oct. 10, 2016), where a Florida appellate court quoted extensively and approvingly from Evanston .
In Taylor , plaintiff slipped and fell at an event hosted by his employer in Villa Vizcaya.[3] Plaintiff's employer had a general liability policy that included Villa Vizcaya as an additional insured. The policy had an exclusionary provision precluding coverage for bodily injuries to "any employee" of "any insured" and a separation of insureds provision stating that "this insurance applies ... [a]s if each Named Insured were the only Name Insured ..." Applying the principles of Evanston , the Taylor court concluded that:
The Separation of Insureds provision operated to permit coverage for Taylor's claim against Villa Vizcaya and the County, even if she was on location because of her employment with Hello Florida. Neither Villa Vizcaya nor the County were Taylor's employer and under the Separation of Insureds provision, *1283 each was separately insured by Admiral and subject to claim by non-employee Taylor.
Id. at 260. Finally, in Stettin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA , 861 F.3d 1335, 1338 (11th Cir. 2017), the Eleventh Circuit found that the words "any insured" evidenced an intent to create joint obligations because there was no severability clause in that policy. The Court recognized, however, that under Premier and Taylor , the Court would have reached a different result if the policy at issue had had a separation of insureds clause. Id.
Although the TNT court reached a different conclusion interpreting similar provisions, the TNT court did not discuss a single Florida court case to reach its conclusion. Therefore, the Court finds that the Eleventh Circuit's holding in Evanston is more consistent with Florida courts' precedent. Here, the Independent Contractor Exclusion states that the insurance does not apply to bodily injury to "any independent contractor ... while performing work for you." Reading this provision as if Croce were the only insured, coverage would not be precluded because Mr. Alamo-Cruz was not performing work for Croce. Accordingly, the Court finds that the Policy does not preclude coverage for actions brought against Croce.[4]
IV. CONCLUSION
For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:
1. The conclusions in the Report (DE 38) are REJECTED.
2. Defendant's motion to dismiss (DE 25) is DENIED.
3. Count III of the Second Amended Complaint for common law bad faith is ABATED.
4. The STAY entered by the Court on January 9, 2018 (DE 42) is hereby LIFTED and the Parties are ORDERED to file a proposed amended scheduling order within 14 days from the date of this Order.
5. Plaintiffs' motions for leave to file a reply and for a hearing (DE 48; DE 49) are DENIED AS MOOT.
DONE AND ORDERED in chambers in Miami, Florida, this 1st day of November, 2018.

The trial court entered default judgment on liability against Affordable Treemen and Croce and a jury trial was conducted on damages only. The jury awarded $ 20,565,991.00 to Mr. Alamo and $ 2,500,000.00 to Mrs. Alamo in compensatory damages jointly and severally from Affordable Treemen and Croce.

"[T]he interpretation of an insurance contract-including determining whether an insurance provision is ambiguous-is a question of law to be determined by the court." Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co. , 246 F.Supp.3d 1347, 1356 (S.D. Fla. 2017).

"Vizcaya Museum & Gardens is an attraction in Miami-Dade County which is comprised of an estate known as Villa Vizcaya and ten acres of gardens. We refer to the villa and gardens collectively as 'Villa Vizcaya' herein. Villa Vizcaya is owned and operated by Miami-Dade County." Taylor , 187 So.3d at 259.

Defendant's remaining grounds for dismissal are similarly unpersuasive. Defendant has not shown that Affordable Treemen is an indispensable party to this action or that failure to join it requires dismissal. Finally, the Court finds that Plaintiff's bad faith claim should be abated rather than dismissed since the facts that form the basis of the breach of contract claim also form the basis of the bad faith claim. See Raynor Mktg., Ltd. v. Phoenix Ins. Co. , No. 3:17-CV-436-J-32PDB, 2018 WL 264210, at *3 (M.D. Fla. Jan. 2, 2018) ("Normally when a case has an unresolved issue of coverage, the bad faith claim should be dismissed; however, doing so in this case would be inefficient-making discovery and depositions duplicative and creating the need for a third suit arising out of this one incident.")